UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-61715-RAR

**STEPHANIE MARIE BUTTS**,

    Plaintiff,

v.

**ALN GROUP, LLC**, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [ECF No. 17] ("Motion"), filed on October 30, 2020. Plaintiff filed a Response [ECF No. 31] on November 25, 2020 and Defendants filed a Reply [ECF No. 37] on December 8, 2020. The Court held a hearing on the Motion on January 7, 2021. *See* Paperless Minute Entry [ECF No. 43]. Having heard from the parties and reviewed their written submissions, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **DENIED** as set forth herein.

## BACKGROUND

Faced with competing factual narratives from the parties, the Court begins by setting forth the facts as alleged in Plaintiff's Complaint. Plaintiff was hired by Defendants on May 1, 2019 to serve as a full-time chef aboard Defendants' yacht, M/Y *Revive*. *See* Compl. ¶ 16. Plaintiff subsequently quit the job because Defendant David Allen, "who was regularly using illegal drugs and drinking to excess, became verbally, physically and sexually abusive towards her." *Id.* ¶ 18. Several months later, Plaintiff agreed to return to work as a chef on the vessel after Allen promised

to maintain a professional relationship with her. *See id.* ¶ 18. Defendants provided Plaintiff with a one-way plane ticket to Cap Cana in the Dominican Republic, where she was to rejoin the vessel, as well as a written letter identifying her as part of the crew for immigration purposes. *See id.* ¶ 22.[1]

During the early morning hours of September 26, 2019, a day after Plaintiff rejoined the vessel, Allen awakened several crew members to prepare the vessel's tender and insisted that the crewmembers, including Plaintiff, join him to fish for the day's meal. *See id.* ¶ 24. During the fishing trip, in an allegedly drug-induced state, Allen took control of the tender from the captain and began recklessly operating it in an attempt to "swamp and sink" another vessel operated by local fishermen, who Allen told Plaintiff were "pirates" who "needed to be killed." *Id.* ¶¶ 25-29. Allen ordered Plaintiff to get into the cabin, where she was "thrown violently about" due to Allen's reckless operation of the tender. *Id.* ¶ 30. As a result, Plaintiff suffered a disc herniation and nerve root entrapment. *Id.* When the tender returned to *Revive*, Plaintiff asked to be taken ashore for medical treatment, but Allen refused to let her leave the vessel, punched her multiple times, fired her, and would not return her passport, which was held with the other crewmembers' papers. *See id.* ¶¶ 31-32.

Plaintiff brought this action alleging negligence under the Jones Act (Count I), failure to pay maintenance and cure (Count II), unseaworthiness (Count III), and false imprisonment (Count IV). *See generally* Compl. In the Motion, Defendants seek dismissal of Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot. at 1. Defendants contend that Plaintiff's factual allegations are false. *See id.* ¶¶ 4-5. They assert that Plaintiff joined the vessel in the Dominican Republic as Allen's guest, not as a member of the crew, and that she was

---

[1] Plaintiff alleges that this letter was lost when she fled from the vessel.

having a romantic relationship with Allen. *See id.* Defendants thus maintain that Plaintiff was not a "seaman" under the Jones Act and that the Court therefore lacks subject matter jurisdiction. *See id.* ¶ 23. Defendants also argue that Plaintiff's Complaint is a shotgun pleading, and that Plaintiff has failed to state a claim for Jones Act Negligence, Maintenance and Cure, Unseaworthiness, and False Imprisonment. *See id.* at 9-13.

## LEGAL STANDARD

### a. Motion to Dismiss Under 12(b)(1) for Lack of Subject Matter Jurisdiction

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) take one of two forms: "facial" attacks and "factual" attacks. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack requires the Court to merely look at the complaint to see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are accepted as true for purposes of the motion to dismiss. *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)). A factual attack, on the other hand, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quotation and citation omitted).

In a factual attack on subject matter jurisdiction that does not implicate the elements of the underlying cause of action, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quotation omitted). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists" by a preponderance of the evidence. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002); *Eldridge v. Pet Supermarket Inc.*, 446 F. Supp. 3d 1063, 1067 (S.D. Fla. 2020).

However, where a factual attack on jurisdiction also implicates an element of the cause of action at issue,

> the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case … [T]he Defendant is forced to proceed under Rule 12(b)(6) … or Rule 56 … both of which place greater restrictions on the district court's discretion … [A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.

*Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981)).

### b. *Motion to Dismiss Under 12(b)(6) For Failure to State a Claim*

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.

A court considering a 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits—but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

## ANALYSIS

### *a. Motion to Dismiss Under 12(b)(1) for Lack of Subject Matter Jurisdiction*

"The Jones Act provides a cause of action in negligence for 'any seaman' injured 'in the course of his employment.'" *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995) (quoting 46 U.S.C. App. section 688(a)). "A Jones Act claim has four elements: (1) plaintiff is a seaman; (2) plaintiff suffered an injury in the course of employment; (3) plaintiff's employer was negligent; and (4) employer's negligence caused the employee's injury, at least in part." *Jackson v. NCL Am., LLC*, No. 14-23460, 2016 WL 9488717, at *2–3 (S.D. Fla. Jan. 26, 2016); *see also Bendlis v. NCL (Bahamas), Ltd.*, No. 14-24731, 2015 WL 1124690, at *2 (S.D. Fla. Mar. 11, 2015). Here, Defendants advance both facial and factual attacks to subject matter jurisdiction, arguing that Plaintiff was not a "seaman" and has not adequately pleaded that she qualifies for that status. *See* Mot. at 7.

In *Chandris*, the Supreme Court set forth a two-element test for seaman status. First, the "employee's duties must contribute to the function of the vessel or to the accomplishment of its mission." 515 U.S. at 368. Second, "a seaman must have a connection to a vessel in navigation … that is substantial both in terms of its duration and its nature." *Id.* The "fundamental purpose" of this second requirement is "to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who only have a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea." *Id.* The question of who is a seaman is a mixed question of law and fact. *Id.* at 369. Generally, a worker who spends less than 30% of his or her time in the service of

a vessel in navigation should not qualify as a seaman, but this figure is merely a guideline and departure from it "will certainly be justified in appropriate cases." *Id.* at 371.

As discussed at the Hearing, determining whether Plaintiff was a seaman implicates both the jurisdictional basis and a requisite element of Plaintiff's claim. Therefore, the Court "cannot consider [Defendants' Motion] as a 12(b)(1) Motion, but must instead conclude that jurisdiction exists and address [Defendants'] argument as a direct attack on the merits." *Waziry v. HR Club Mgmt., LLC*, No. 13-60333, 2013 WL 3834392, at *2 (S.D. Fla. July 24, 2013); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) (reversing district court's dismissal of Jones Act claim for lack of subject matter jurisdiction and finding that disputes over whether Plaintiff will be able to prove the elements of the cause of action—including seaman status—must be resolved by a Rule 56 motion or by trial).

Consequently, the Court must consider Defendants' challenge to Plaintiff's seaman status under a 12(b)(6) or Rule 56 standard—and may only consider materials outside the four corners of the Complaint if it converts Defendants' Motion to one for summary judgment. *Id.* at *2-3. Considering the fact-intensive nature of the seaman inquiry, the clear benefit of further discovery on this topic, and the parties' February 23, 2021 discovery deadline, the Court declines to convert Defendants' Motion to one for summary judgment at this juncture. As explained at the Hearing, Defendants are free to file a motion for summary judgment on this issue when the factual record has been more fully developed.[2] The Court thus proceeds to address Defendants' 12(b)(6) motion to dismiss.

---

[2] *See, e.g., Drakidis v. Mori*, No. 11-60250-CIV, 2011 WL 13217136, at *1 (S.D. Fla. Mar. 16, 2011) (finding that determination of seaman status is a "highly fact-intensive inquiry" that cannot be resolved on a motion to dismiss).

### *b. Motion to Dismiss Under 12(b)(6) For Failure to State a Claim*

With respect to Defendants' motion to dismiss under 12(b)(6), the Court finds that Plaintiff has sufficiently pleaded her seaman status. Plaintiff alleges that she was hired as a full-time chef on the M/Y *Revive* for a monthly salary of $10,500. *See* Compl. ¶¶ 16, 19. She indicates that Defendants hired her with the assistance of the U.S. crew placing agency, Lacasse Maritime. *See id.* ¶ 8. She alleges that her duties consisted of cooking for the vessel's crew, *id.* ¶ 23, and that she also assisted Allen "with provisioning the [*Revive*] and hiring additional crew for the anticipated charter." *Id.* ¶ 16. As stated at the Hearing, Plaintiff's factual allegations are sufficient to establish her status as a seaman at this stage in the litigation.

In addition to arguing that Plaintiff has insufficiently pleaded her seaman status, Defendants make four other arguments in their motion to dismiss under 12(b)(6).

***First***, Defendants argue that Plaintiff's Complaint is a shotgun pleading. For the reasons stated on the record, the Court finds that this argument lacks merit.

***Second***, Defendants argue that Plaintiff's Jones Act claim "improperly alleges … that both Defendants were simultaneously her employer." Mot. at 11. Defendants cite to the Supreme Court's decision in *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 791 (1949), where the Court stated, "[w]e have no doubt that under the Jones Act only one person, firm, or corporation can be sued as employer." However, at the Hearing, Plaintiff clarified that she is suing Defendants *in the alternative* for Jones Act Negligence, which is permissible at the pleading stage. *See Grant v. Int'l Cruise Shops, Ltd.*, No. 06-21402, 2007 WL 9702365, at *2 (S.D. Fla. Feb. 7, 2007).

***Third***, Defendants argue that Plaintiff fails to state a claim for maintenance and cure because, in addition to insufficiently pleading her seaman status, Plaintiff does not provide "factual support regarding her allegations that the Defendants act[ed] in a 'willful, wanton, capricious and

outrageous' manner," and fails to allege "whether she has reached maximum cure, and which Defendant, if either, is actually responsible for paying maintenance and cure." Mot. ¶ 33.

"Maintenance and cure" is a "legal duty that obligates a vessel owner to provide for a seaman who becomes ill or injured in service of the ship." *Varela v. Dantor Cargo Shipping, Inc.*, No. 17-23127, 2017 WL 7184605, at *2 (S.D. Fla. Nov. 14, 2017). "Admiralty courts have been liberal in interpreting this duty…." *Id.* (quoting *Vaughan v. Atkinson*, 369 U.S. 527, 531-32 (1962)). "Maintenance" is a living allowance while "cure" is intended to cover medical expenses. *Baucom v. Sisco Stevedoring, LLC*, 506 F. Supp. 2d 1064, 1072 (S.D. Ala. 2007). "All a seaman must prove in order to establish a right to maintenance and cure is that the injury or illness arose during his employment; no causal connection to his duties need be shown." *Id.* at 1072–73. Furthermore, maintenance and cure are due regardless of the fault of the employer or unseaworthiness of the ship. *Id.* at 1072. Given this "light burden," the Court finds that Plaintiff's allegations that she was seaman; that she suffered injuries during her employment on the *Revive*; that Defendants have refused to pay her maintenance and cure; and that Plaintiff is experiencing continuing losses from her injury are sufficient to state a claim for Maintenance and Cure.[3]

***Fourth***, Defendants contend that Plaintiff fails to state a claim for false imprisonment. Defendants argue that false imprisonment "is not a claim recognized under the Jones Act" and "is not the type of traditional maritime tort which general admiralty law embraces." *See* Mot. at 13. The Court disagrees that the tort of false imprisonment is not available under general admiralty law. *See Castillo v. Argonaut Trading Agency, Inc.*, 156 F. Supp. 398, 400 (S.D.N.Y. 1957); *see also Forgione v. United States*, 202 F. 2d 249, 252 (3d Cir. 1953) (holding that plaintiffs could not

---

[3] Defendants also assert that Plaintiff has failed to state a claim for unseaworthiness. *See* Mot. at 10. Defendants' challenge to Plaintiff's unseaworthiness claim appears to be based solely on their position that Plaintiff is not a seaman. Because Plaintiff has adequately pleaded her seaman status, the Court finds that dismissal of Plaintiff's unseaworthiness claim is not warranted.

proceed on a claim of false imprisonment under the Jones Act, but suggesting that had defendant's actions taken place on navigable waters rather than on shore, plaintiffs could have brought the claim as a maritime tort). Defendants' argument that Plaintiff has failed to state a claim for false imprisonment because she "voluntarily" went down into the cabin of the tender is also without merit. Plaintiff alleges that Defendant confined her to the cabin of the tender, and that he also unlawfully detained her on the *Revive* vessel by withholding her passport and refusing to take her ashore despite her pleas. *See* Compl. at 12-13. She alleges that when begged for her passport to leave the vessel, Allen physically tackled her and punched her several times. *See id.* The Court therefore finds that Plaintiff has sufficiently stated a claim for false imprisonment.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [ECF No. 17] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of January, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**